## 8940

### EX PARTE JACKSON

### IN RE PRICE v. HAYES ET AL.

#### (82 S. E. 990.)

ABATEMENT AND REVIVAL OF ACTIONS. PRACTICE. RULE TO SHOW CAUSE.

1. The rule that the return in a mandamus proceeding, if not traversed, must be accepted as true, does not apply to the return to a rule to show cause why an action should not be revived after the death of a party.

2. A traverse is not necessary to a return to an order to show cause, why leave to revive or continue an action should not be granted the successor in interest of the deceased plaintiff, in order to question the facts therein alleged.

3. On motion by the successor in interest to rights of a deceased plaintiff, under Code Civil Proc., sec. 170, for leave to continue or revive the action, the Court will confine its consideration to the competency of the movant to revive or continue the action, and the sufficiency of his application without considering defenses or objections to the action on its merits.

4. Where an order reviving an action in the name of the assignee of the deceased plaintiff did not attempt to decide any of the material and substantial issues, but reserved those issues to be tried and determined later, and gave defendants the right to demur or answer or to move to have any of the allegations of the complaint made more definite or certain or to strike out any part thereof, the granting of the order did not deprive defendants of any substantial right.

Before FRANK B. GARY, J., Dillon, December, 1913. Affirmed.

Motion by E. Thomas Jackson, as grantee and assignee of alleged property rights formerly belonging to the plaintiff in the action pending in the Court of Common Pleas for Marion county, between Sarah Ann Price, plaintiff, and W. D. B. Hays, W. Thad Bethea and J. B. Gibson, as executors and trustees under the last will and testament of Hugh P. Price, deceased, and Wilbur Monroe Risin, Mary S. Risin, Willie E. Risin and Magnolia Risin, defendants, for leave to revive and continue the action, as successor in interest to the plaintiff, and for leave to file and serve an amended complaint therein. On return to order to show cause why

the motion should not be granted, the Circuit Court made the following order:

This is a petition to revive an action instituted by Sarah Ann Price against a number of defendants, which action abated by reason of the death of the plaintiff. The application is made by E. Thomas Jackson, who alleges that he is the assignee of Sarah Ann Price and is entitled to have the action revived and continued in his name. The application is resisted principally on the ground that the action was personal to the plaintiff, and is not such action as could be revived or continued in the name of the personal representative of the plaintiff. The attorneys who resist the motion make the following statement concerning the original complaint: "The complaint in this action states two causes of action. The first cause of action really contains two causes of action, to wit:

(a) A resulting trust in reference to certain lands; (b) The money demanded for the conversion of the proceeds of two sales of land made by the testator.

1. Two thousand four hundred and sixty dollars to A. L. David, November 24, 1893.

2. Five hundred and nineteen dollars to O. C. Hayes, November 20, 1895.

The second cause of action seeks to set aside the will of the testator, in that it is alleged that he devised a greater part than one-fourth of his property to one W. M. Risin in contravention of section 2487 of the Civil Code."

Possibly the second cause of action does not survive, but it is not necessary at this time to dispose of this question, and I do not undertake to do so.

It is clear, however, that the alleged first cause of action does survive, and this is sufficient to continue the case in the name of the personal representative or assignee of the deceased plaintiff, with this reservation, however, that the defendants or any of them have the right to move to strike out any allegations in the complaint that they think should

be stricken out for any reason; or to demur to any allega-
tons of the complaint as not constituting a cause of action.
In other words, all of the rights of the defendants under the
Code, with reference to settling the issues to be tried, are
reversed.

It may be that the matter set up in the return is sufficient
to defeat the whole cause of action, but this matter goes to
the merits of the case rather than the question of whether
or not there should be a revival and continuation.

It is therefore ordered, adjudged and decreed that the
action entitled Sarah Ann Price, plaintiff, against William
D. B. Hayes *et al.,* defendants, which heretofore abated by
reason of the death of the said plaintiff, be, and the same is,
revived and continued in the name of E. Thomas Jackson,
as plaintiff, with the right reserved to the defendants or any
of them to answer or demur or make any motion in refer-
ence to the allegations of the complaint that may appear to
them advisable, and with the right to the plaintiff to move to
amend the complaint as he may be advised.

From this order the defendants appealed on the following
exceptions :

I. Because, it is respectfully submitted, his Honor erred
in reviving the first cause of action herein when it appeared
from the return which was not traversed and could not be
disputed that after the death of Hugh P. Price, his widow,
Sarah Ann Price, elected to accept and not to reject his will,
it being submitted that she had the right of election either to
accept or reject, and having accepted, her election to accept
the same was in lieu of the other rights claimed by her, and
she could not be allowed thereafter to retract.

II. Because, it is respectfully submitted, his Honor erred
in reviving the first cause of action as to the money demand
thereof when it appeared from the return which was not
traversed and could not be disputed that the statute of limi-
tations had long since run against such demand, and in

allowing facts which would not constitute a cause of action to be revived. It is respectfully submitted that his Honor did a vain thing to order an issue to trial when there was established before him a complete defense to each issue.

III. Because his Honor erred, it is respectfully submitted, in reviving the first cause of action set up in the complaint, when it appeared from the return which was not traversed, and could not be disputed, that Sarah Ann Price acquiesced in the terms of the will which she was undertaking to set aside by accepting the benefits devised and bequeathed to her at the hands of the trustees therein, whereas, he should have held that such conduct upon her part estopped her from disputing the will of Hugh P. Price in any of its terms.

IV. Because his Honor erred, it is respectfully submitted, in reviving the second cause of action, when it appeared not only from the return, but from the petitioner's moving papers, that Sarah Ann Price died anterior to any decree of Court declaring said will void to any extent upon the ground that the beneficiary thereunder was an illegitimate child, it being submitted that such cause of action is personal to the wife and legitimate children of the testator, and is nonassignable, and no action based thereon can be revived in favor of the party who could not have maintained such action in the first instance.

V. His Honor erred, it is respectfully submitted, in reviving both causes of action, when the return set up matters which if admitted constituted a complete ground for refusing to revive, and the return not having been traversed, although opportunity therefor was given, the Court was in error in not regarding them as admitted, and in refusing to dismiss said suit.

*Messrs. Gibson & Muller* and *M. C. Woods,* for appellants, submit: *That plaintiff was estopped by her election to take under will attacked, and could not maintain the action:* 3 Rich. Eq. 281, 300. *The second cause of action was ex*

*delicto, and did not survive:* 20 S. C. 477; 1 ·Cyc. 49, 69.
*The right of action was personal to plaintiff:* 1 Rich. Eq.
465; 56 S. C. 191.

*Mr. James R. Coggeshall,* for respondent, submits:
*Defenses to action on its merits not to be considered on this
motion:* 1 Cyc. 112; 42 S. C. 389. *Right of property vested
in widow on her election, and was assignable:* 1 Rich. Eq.
465; 1 Hill Ch. 142; 3 Rich. 164; 93 S. C. 277; 16 S. C.
158, 170, 171; 103 Pa. St. Rep. 89.

September 24, 1914.

The opinion of the Court was delivered by Mr. Justice
Watts.

Hugh P. Price died in 1904,· leaving of force his last will
and testament, which was duly admitted to probate in com-
mon form in the probate Court for Marion county, of which
Dillon county was then a part. In 1908 his widow, Sarah
Ann Price, instituted an action to set aside the will upon the
grounds set forth in the complaint, and after institution of
this action Sarah Ann Price died in 1909. Upon these
facts being brought to the attention of the Court a rule to
show cause was issued by his Honor, Judge DeVore, to
show cause why the action should not be revived in favor of
E. Thomas Jackson. The defendants made return to the
rule, and the cause was heard by his Honor, Frank B. Gary,
at the November term of the Court, 1913; and he granted
an order reviving the action in the name of E. Thomas Jack-
son. This order should be set out and embodied in the
report of the case. From this order the defendants appeal.

Exceptions 1, 2 and 3 raise the same question that his
Honor was in error in reviving the first cause of action
because it appears that the return made to the rule to show
cause was not traversed, and should have been taken as true
as to the allegations therein contained; and the fifth excep-
tion raises the same point as to both causes of action. These

exceptions must be overruled as the return, even though not traversed in a proceeding of this character, cannot be accepted as being true. This is not a proceeding in mandamus where that rule prevails. The question before his Honor was the competency of the parties to revive and the sufficiency of the application. The force and effect of Judge Gary's order was to revive both causes of action, and he did not attempt to decide any of the material and substantial issues of fact that arose under the pleadings in the case, and what would be decisive of these isues, but was careful to reserve to the parties all of these issues to be tried and determined later upon the facts proven, under the issues made, and to be made by the pleadings, and the defendants were given the right to fully demur or answer any of the allegations made, or to move to have any of the allegations of the complaint made more definite or certain or to strike out any part thereof. By his order he simply revived the action and left it for future determination for the Court to try the actions upon the issues made and to be made. The granting of the order by his Honor does not deprive the appellants of any substantial right. They are allowed by the order to interpose any defense they may have to the alleged cause of action, and to try the cause on its merits, and to make such defense as they have and see fit and proper. All of the exceptions are overruled.

Judgment affirmed.